IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KENNETH MAYO, | § | |
| | § | No. 33, 2018 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | Court Below:  Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID 1409016508 (N) |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted:  February 13, 2018
Decided:    April 11, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## O R D E R

This 11th day of April 2018, upon consideration of the appellant's opening brief and appendix, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The defendant-appellant, Kenneth Mayo, filed this appeal from the Superior Court's order dated January 5, 2018, denying his motion for correction of sentence.  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Mayo's opening brief that his appeal is without merit.  We agree and affirm.

(2)    The record reflects that Mayo pled guilty in March 2015 to one count of Possession of a Firearm by a Person Prohibited.  The written plea agreement

reflects that Mayo was eligible for sentencing as a habitual offender under 11 *Del. C.* § 4214(a). The plea agreement listed Mayo's predicate felonies as: (i) a 2009 conviction for maintaining a vehicle; (ii) a 2006 conviction for fourth degree rape; and (iii) a 2000 conviction for first degree assault. The State's habitual offender motion relied upon both Mayo's 2009 and 2000 convictions, but did not include Mayo's 2006 fourth degree rape conviction as one of the predicate felonies. Instead, the State's written motion listed Mayo's 2004 conviction for possession with intent to deliver cocaine as the third predicate felony. When the State presented its habitual offender motion before sentencing, Mayo conceded that he was eligible for habitual offender sentencing. The Superior Court granted the motion and sentenced Mayo as a habitual offender to fifteen years as Level V imprisonment. Mayo did not appeal.

(3) Instead, in September 2015, Mayo filed a motion for correction of sentence, challenging his sentencing as a habitual offender. The Superior Court denied the motion, and this Court affirmed on appeal.[1] In December 2017, Mayo filed another motion for correction of sentence, contending that his sentence was imposed in an illegal manner because the predicate felonies listed in the State's habitual offender motion did not match exactly the predicate felonies that were reflected in his plea agreement. The Superior Court denied Mayo's motion because

---

[1] *Mayo v. State*, 2016 WL 2585885 (Del. Apr. 21, 2016).

there were no extraordinary circumstances to warrant consideration of Mayo's untimely and repetitive motion. This appeal followed.

(4) After careful consideration, we affirm the Superior Court's judgment. Under Rule 35(a), a motion to correct a sentence imposed in an illegal manner is subject to the 90-day limitations period of Rule 35(b).[2] Mayo's complaint concerning the deviation between his plea agreement and the State's habitual offender motion relate to the manner in which his sentence was imposed.[3] Given that Mayo conceded he was eligible for habitual offender sentencing, there were no extraordinary circumstances to warrant the Superior Court's consideration of his untimely motion under Rule 35(b).[4]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

---

[2] *Id.*
[3] *See Davis v. State*, 2016 WL 358965 (Del. Jan. 28, 2016).
[4] *Id.*

3